UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04  12379 NMG

SIMMONS BEDDING COMPANY

    Plaintiff,

vs.

CHARMAINE STEPHENS, MESADES JACKSON, LAPORCHA JACKSON, AND REGINE JACKSON,

    Defendants.

Civil Action No. ____

MAGISTRATE JUDGE _____

**COMPLAINT**
**(PURSUANT TO RULE 22 – INTERPLEADER)**

Plaintiff Simmons Bedding Corporation brings this interpleader action, pursuant to Rule 22(a) of the Federal Rules of Civil Procedure, to have this Court determine the rightful owner and recipient of the proceeds of an employee stock option plan and a 401(k) plan of its deceased former employee Reginald Kent Jackson.

### Parties

1. Simmons Bedding Company ("Simmons"), a Delaware corporation, has its principal executive offices in Atlanta, Georgia, and operates manufacturing facilities throughout the United States.

2. Charmaine Stephens is the purported widow of Reginald Kent Jackson.

3. Mesades Jackson, LaPorcha Jackson, and Regine Jackson are the minor children of Reginald Kent Jackson.

## Jurisdiction and Venue

4. The primary subject matter in this action is an employee stock option plan governed by ERISA, 29 U.S.C. §§ 1000 *et seq*. Moreover, the key issues in this case, namely who is entitled to the plan distribution and whether a purported waiver by Ms. Stephens is valid, arise under certain provisions of ERISA, including 29 U.S.C. § 1055(c).

5. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as well as under 29 U.S.C. § 1132(e)(1), which grants the federal courts "exclusive jurisdiction of civil actions under this title brought by ... [a] fiduciary." A plan administrator is a fiduciary.

6. This Court has personal jurisdiction over the defendants, all of whom are Massachusetts residents.

7. Venue is proper under 28 U.S.C. § 1391.

## Factual Allegations

8. From September 1993 through July 2002, Mr. Jackson was an employee of Simmons in Springfield, Massachusetts.

9. During his employment, Mr. Jackson participated in Simmons's Employee Stock Ownership Plan (the "ESOP") and Simmons's Employee 401(k) Plan. As of today, the approximate value of those accounts is as follows:

| | |
|---|---|
| 401(k) Plan: | $57.00 |
| ESOP Plan (Stock Proceeds): | $65,305.00 |
| ESOP Plan (Profit Sharing): | $427.00 |

10. On December 8, 1999, Mr. Jackson signed a Simmons Company Employee Stock Ownership Plan Beneficiary Designation Form on which he designed his three daughters,

Mesades Jackson, LaPorcha Jackson, and Regine Jackson, as co-beneficiaries. On that form, he also checked a box indicating that he was unmarried. Under that box, the form states: "I understand that if I become married, my spouse will be my Primary Beneficiary unless I complete a new Beneficiary Designation Form and my spouse consents to my designation."

11. On January 4, 2000, less than one month after signing that form, Mr. Jackson purportedly married Charmaine Stephens in Jamaica.

12. Nevertheless, on December 14, 2000, Mr. Jackson signed a Simmons Company 401(k) Plan Beneficiary Designation Form in which he indicated that he was not married and designated his daughter LaPorcha Jackson as the sole beneficiary.

13. Mr. Jackson died on December 9, 2002.

14. On December 12, 2002, Ms. Stephens signed a purported waiver (dated December 11, 2002 and notarized on December 12, 2002), which states in whole:

> I, Charmaine Stephens, with a full understanding of this document, and not under the threat of duress or coercion, voluntarily give up all rights and claims to the estate and property of the late Reginald Kent Jackson to his mother Rubie L. Jackson and his sisters Tangie Jackson and April (Jackson) Pinkney. Furthermore, I relinquish all rights and privileges concerning any and all affairs regarding the estate of Reginald Kent Jackson.

15. On August 26, 2003, Ms. Stephens spoke with Simmons's Human Resources Director in Springfield and informed her that she wanted Mr. Jackson's three daughters to receive the proceeds of the various plans.

16. Then, between September 2003 and January 2004, both Ms. Stephens and Mr. Jackson's daughters made claims to Simmons for the proceeds of Mr. Jackson's ESOP Plan and 401K Plan. Both Ms. Stephens and Mr. Jackson's daughters, through their attorneys, claim to be the sole beneficiaries of the pension.

17. Ms. Stephens claims that she is the sole beneficiary by virtue of the Retirement Act of 1984 and the terms on the Designee Beneficiary Form, both of which provide that Mr. Jackson's legal wife is the sole beneficiary unless she signs a valid waiver.

18. Mr. Jackson's children claim they are the sole beneficiaries of the proceeds because the waiver is valid and because the marriage may not have been valid.

19. Simmons acknowledges that either Ms. Stephens or Mr. Jackson's children are the rightful beneficiaries, and Simmons makes no claim to the proceeds.

20. By reason of the conflicting claims of the defendants, Simmons does not know who is entitled to be paid the proceeds of the various plans. As such, Simmons risks being subject to multiple claims or multiple liability if it distributes the proceeds to one party or the other.

21. To date, Simmons has not paid any part of the proceeds of Mr. Jackson's ESOP Plan or 401K Plan to anyone.

## Claims for Relief

Wherefore Simmons requests that the court grant the following relief:

1. An order restraining each of the defendants from instituting any action against Simmons for the recovery of the amount of the Plans or any part thereof.

2. An order requiring the defendants to interplead and settle between themselves their rights to proceeds of the various plans and discharging Simmons from all liability except to the person whom the court shall adjudge entitled to the proceeds of the various plans.

3. Costs and attorneys fees.

4. Such other legal or equitable relief that the Court deems just and appropriate.

Respectfully Submitted,

Simmons Bedding Company,
By Its Attorneys,

*/s/ Andrea Kramer*

Andrea C. Kramer (BBO# 632584)
   akramer@swmlawyers.com
Robert E. Sullivan, BBO (BBO # 487820)
   sulli@swmlawyers.com
Sullivan, Weinstein & Mcquay, P.C.
Two Park Plaza, Suite 600
Boston, Massachusetts 02116
(617) 348-4300

November 9, 2004